LORING McMILLAN, PLAINTIFF, v. CHARLES F. BELLOWS AND OTHERS, DEFENDANTS.

*Repeal of an amendatory act — when it does not revive the original act — sec. 4, art. 1, tit. 2, chap. 13, part 1 of the Revised Statutes, was not revived by the repeal of chap. 287 of 1871 by chap. 335 of 1872.*

MOTION for a new trial on the part of the defendants, on exceptions ordered to be heard at the General Term in the first instance, judgment in the meantime having been suspended.

This action was brought to recover damages of the defendants, who were assessors in the town of Seneca Falls, in Seneca county, for improperly assessing the plaintiff's land in that town, the plaintiff claiming that the lands assessed in the town of Seneca Falls were a part of his farm located in the town of Tyre, on which he resided; that they were separated by a road known as the State road, which was also the town line.

The court at General Term, after referring to section 4 article 1, title 2, chapter 13, part 1 Revised Statutes, and its amendment by chapter 287 of 1871, and the repeal of the latter act by chapter 355 of 1872, said : " The question thus presented is whether or not the repeal of chapter 287 of the Laws of 1871 operates to restore section 4 of the Revised Statutes.

" This question was considered in the case of the *People ex rel. Canajoharie National Bank* v. *The Board of Supervisors of Montgomery County* (67 N. Y., 109). It was in that case held that the amendment of a statute by declaring that the same shall read as prescribed by the amendatory act, is not a repeal of the original statute, but from the time of the passage of the amendatory act the whole force of the enactment as to subsequent transactions rests upon it; the former statute is merged in it, has no validity distinct from it, and can only be referred to as to past transactions; that a repeal of the amendatory act does not revive the original act, but both fall together.

" This question has recently been under consideration in this court in the case of *Harris* v. *The Board of Supervisors of Niagara County* (33 Hun, 279), in which case it was held that section 4 of the Revised Statutes, above quoted, was repealed. (See opinion on page 282.)

" We discover no reason why we should depart from the conclusion reached by us in that case."

*Murray & Harmon*, for the plaintiff.

*J. N. Raymond*, for the defendants.

Opinion by HAIGHT, J.; SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

Motion for new trial granted, with costs to abide the event.